IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>RICARDO BROWN, )<br>)<br>Defendant. ) | Criminal No. 10-140-1 |

O R D E R

AND NOW, this 19th day of July, 2022, upon consideration of Defendant Ricardo Brown's Motion for Early Termination of Supervised Release (Doc. No. 187), filed in the above-captioned matter on March 7, 2022, and in further consideration of the Government's response in opposition thereto (Doc. No. 190), filed on March 30, 2022, and Defendant's reply (Doc. No. 193), filed on April 21, 2022,

IT IS HEREBY ORDERED that said Motion is DENIED.

Following Defendant's guilty plea to a violation of 18 U.S.C. §§ 2113(d) and 2 for armed bank robbery, the Court sentenced him to a term of imprisonment of 131 months and 19 days, to be served concurrently with remainder of his term of imprisonment of 46 months at Criminal No. 08-314 for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Court further ordered restitution in the amount of $169,520.34, owed jointly and severally by Defendant and his co-defendants. After his release from custody, Defendant was to serve a term of supervised release of three years at each of those two cases, to run concurrently. He has currently served a little more than two of the three years imposed. He is serving these terms in the Western District of Pennsylvania, and his supervision is set to expire on May 13, 2023.

Although he now seeks early termination of the term of supervision in this case, he has not done so at Criminal No. 08-314.

Defendant primarily bases his argument on his general compliance with the conditions of his release and his good behavior since his release from custody, including maintaining steady employment and making consistent payments toward his restitution balance. He also emphasizes his strong family ties and his desire to move to Georgia with his fiancée and daughter when his release ends. He further relies on his lack of an aggravated or leadership role in the underlying offense and what he characterizes as his lack of a history of violence and recent drug abuse. However, while the Court commends Defendant on his relatively strong adjustment to supervision, it does not find early termination of that supervision to be warranted.

18 U.S.C. § 3583(e)(1) authorizes a sentencing court to terminate a term of supervised release, at any time after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See also United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The sentencing court is not required to address each of the Section 3553(a) factors individually, so long as it includes in its decision "a statement that [the court] has considered the statutory factors." *Id.* at 52-53 (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). A court has broad discretion in deciding whether termination of supervised release is warranted, and there is no requirement that there be an "exceptional, extraordinary, new, or unforeseen circumstance" for the Court to find that the "conduct of the defendant" and "interest of justice" justify ending supervision. *Id.* at 52-53. However, because sentences are meant to be "sufficient, but not greater than necessary" when they are imposed, it will often be the case that

truncating a period of supervised release will be premised upon something that has "changed in the interim that would justify" shortening the period of supervision. *Id.* at 53.

Consideration of Defendant's arguments, in light of the Section 3553(a) factors, establishes that early termination of his supervised release is not warranted by his conduct upon release and/or the interest of justice. While Defendant has, indeed, been generally compliant with the conditions of his release, the Court notes that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct and being employed . . . is *required* behavior while serving a term of supervised release." *United States v. McCain*, No. CR 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9, 2021). Moreover, although he has been *generally* compliant, he has tested positive for the use of cannabinoids five times in 2021 and 2022, the last time on April 14, 2022, while this motion was pending. Although certainly not overly problematic, therefore, his conduct has not been in strict compliance with his requirements of supervision.

Further, while Defendant states that he has no history of violence and that his role in the underlying offense was not aggravating, the Court notes that the armed bank robbery at issue involved the use (including discharge) of firearms and violence resulting in a significant injury to a bank employee. Defendant may not have been the leader of the conspiracy, but he was far from a bit player. Moreover, he had a history of unlawful possession of firearms even prior to the instant underlying offense. Indeed, as the Court has noted, Defendant is serving a term of supervision for *both* armed bank robbery and unlawful possession of a firearm, making even stronger the argument that he continues to require supervision.[1] Also, while Defendant has made

---

[1] No explanation is offered as to why Defendant has sought the early termination of his supervision in this case and not at Criminal No. 08-314, nor has Defendant suggested what would happen to the supervised release in his other case were the Court to grant the present

restitution payments, most of the original balance remains, reflecting both the scope of the initial crime and the Government's continued interest in maintaining supervision over Defendant.

As to Defendant's desire to leave the district and move to Georgia, the Court notes that it has permitted him to travel outside of the district – including to Georgia – as needed, and the Court sees no immediately apparent reason why this cannot continue. Moreover, other than generally expressing a desire to move to Georgia at some point, he has not established why this cannot be done at the "natural" termination of his supervision next year. In any event, steps short of terminating his supervision, such as transferring it to the United States Probation Office in the applicable district in Georgia, remain available if needed.

Defendant appears to have made a strong transition since commencing his supervised release, and the structure provided by his supervision appears to have been a contributing factor to this adjustment. Under these circumstances, the Court finds that Defendant's conduct and the interest of justice warrant that he continue on supervised release at this time. Accordingly, it will exercise its broad discretion to deny Defendant's motion.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record

---

motion. It would certainly appear that he would remain subject to that term until next May. Nonetheless, the Court emphasizes that it is denying the instant motion on its own merits, regardless of the fact that Defendant would remain under supervision in any event.